UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DEREK MORTLAND, | ) | CASE NO.: 1:23-CV-514 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE CRISTAL C. BRISCO |
| | ) | |
| vs. | ) | **FIRST AMENDED COMPLAINT FOR** |
| | ) | **INJUNCTIVE RELIEF:** |
| | ) | |
| IK ONKAR HOSPITALITY, LLC, | ) | **1ST CAUSE OF ACTION:** For Denial of |
| | ) | Access by a Public Accommodation in |
| Defendant. | ) | Violation of the Americans with Disability |
| | ) | Act of 1990 ("Title III" and "ADA"), |
| | ) | 42 U.S.C. §§ 12181, *et seq.* |
| | ) | |

Plaintiff Derek Mortland Complains of Defendant IK Onkar Hospitality, LLC, and alleges as follows:

**INTRODUCTION:**

1. This is a civil rights action for discrimination against persons with physical disabilities, of which plaintiff is a member of, for failure to remove architectural barriers structural in nature at Defendant's property, a place of public accommodation, thereby discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof. Plaintiff seeks injunctive relief pursuant to the Americans with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*

2. Plaintiff Derek Mortland is a person with physical disabilities who, on or about April 19, 2021, through April 20, 2021, and, November 14, 2023, through November 15, 2023, was an invitee, guest, patron, or customer at Defendant's property, which houses a Comfort Suites hotel, located at 1137 W. 15th Street, Auburn, IN 46706. At said time and place, Defendant failed to provide proper legal access to the property, which is a public accommodation

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 1**

and/or public facility. The denial of access was in violation of federal legal requirements, and Mr. Mortland suffered violations of his civil rights to full and equal access and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.     **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

4.     **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district, in the City of Auburn, County of DeKalb, State of Indiana and that plaintiff's causes of action arose in this district.

**PARTIES:**

5.     Plaintiff Derek Mortland is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities." (Hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning.) Mr. Mortland is a "person with physical disabilities," as defined by all applicable United States laws. Mr. Mortland requires the use of a wheelchair to travel about in public. Consequently, Mr. Mortland is a member of that portion of the public whose rights are protected by the Americans with Disabilities Act.

6.   Defendant IK Onkar Hospitality, LLC, an Indiana limited liability company, is the owner and operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, of the building and/or buildings which constitute a public facility in and of itself, occupied by a Comfort Suites hotel, a public accommodation, located at/near 1137 W. 15th Street, Auburn, IN

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 2**

46706, and subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7.   At all times relevant to this complaint, Defendant is the lessee, or agent of the lessee, and/or lessor, of said premises, and owns and operates the subject Comfort Suites hotel as a public facility at/near 1137 W. 15th Street, Auburn, IN 46706. The business, a Comfort Suites hotel, is open to the general public and conducts business therein. The business operating on said premises is a public accommodation.

8.   At all times relevant to this complaint, Defendant is the landlords/lessors, tenants/lessees and the owners and operators of the subject hotel, a public accommodation located at/near 1137 W. 15th Street, Auburn, IN 46706. As such, Defendant is jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

**§ 36.201      General**

(b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

CFR §36.201(b)

9.   Plaintiff does not know the true names of Defendant, its business capacities, its ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of. Plaintiff is informed and believes that the Defendant herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer,

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 3**

employee, representative, franchisor, franchisee, partner, and associate, or such similar capacity, of each of the other defendants, if any, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.

**PRELIMINARY FACTUAL ALLEGATIONS:**

10. Defendant is the entity that is a public accommodation that owns, leases (or leases to), or operates, a Comfort Suites hotel, located at 1137 W. 15th Street, Auburn, IN 46706. The Comfort Suites hotel and each of its facilities are places "of public accommodation" subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181, *et seq.* On information and belief, said facility has undergone "alterations, structural repairs and additions," each of which has subjected the Comfort Suites hotel to handicapped access requirements.

11. Plaintiff Derek Mortland is a person with a disability. Mr. Mortland is a "physically disabled person," as defined by all applicable United States laws. Mr. Mortland is paralyzed and requires the use of a wheelchair for mobility and to travel in public.

12. At all times referred to herein and continuing to the present time, Defendant advertised, publicized and held out the Comfort Suites hotel as being handicapped accessible and handicapped usable.

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 4**

13. On or about April 19, 2021, through April 20, 2021, and, November 14, 2023, through November 15, 2023, Mr. Mortland was an invitee and guest at the subject Comfort Suites hotel, arriving for purposes of obtaining lodging for the evening.

14. Mr. Mortland's purpose for obtaining lodging at Defendant's Comfort Suites hotel in 2021 was due to him having a meeting in South Haven, MI on April 20, 2021; he stayed at the hotel because he had an event on April 19, 2021, from 6:00 PM to 8:00 PM in Columbus, OH, and could only drive three hours that night before needing to sleep.

15. Mr. Mortland's purpose for obtaining lodging at Defendant's Comfort Suites hotel in 2023 was due to him having a meeting on November 15, 2023, at 9:00 AM, in Fort Wayne, IN; the location appeared accessible online, was affordable, and was within a reasonable distance to where Mr. Mortland had his meeting the next morning.

16. Mr. Mortland chose Defendant's Comfort Suites hotel because, while searching online for lodging, the Comfort Suites hotel held itself out as having an "Accessible Hotel".

17. Upon his arrival, during his patronizing of the public accommodation, and upon his exit of the facility, Mr. Mortland personally encountered architectural barriers which denied him the full and equal access to the property.

18. Therefore, at said time and place, Mr. Mortland, who is a person with disabilities, encountered numerous inaccessible elements of the subject Comfort Suites hotel which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities. *By way of example and not as an exhaustive inventory of Defendant's violations*, Mr. Mortland personally encountered the following barriers to access at Defendant's property:

a. In the parking lot, there are not enough accessible stalls in violation of 1991 ADAS

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 5**

Section 4.1.2(5)(a) and/or 2010 ADAS Section 208.2.

b. In the parking lot, the access aisles are not located on an accessible route of travel to the accessible building entrance in violation of 1991 ADAS Section 4.6.3 and/or 2010 ADAS Section 208.3.1 and 502.3.

c. In the parking lot, the walkway contains abrupt vertical edges and/or variations over ½" in violation of 1991 ADAS Section 4.5.2 and/or 2010 ADAS Section 303.3 and 303.2.

d. In the parking lot, the transition from the curb ramp to the walk, gutter or street is not flush and free of abrupt changes in level in violation of 1991 ADAS Section 4.7.2 and/or 2010 ADAS Section 406.2.

e. In the parking lot, the curb ramp side flares exceed maximum slope allowances in violation of 1991 ADAS Section 4.7.5 and/or 2010 ADAS Section 406.3.

f. In the entrance and lobby, the floor mats at the lobby doors are not secured in place in violation of 1991 ADAS Section 4.5.3 and/or 2010 ADAS Section 302.2.

g. In the entrance and lobby, the hand sanitizer is out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section 308.3.1.

h. In the entrance and lobby, the clear floor space for the pamphlets is obstructed by wet floor signs in violation of 1991 ADAS Section 4.2.4.1 and/or 2010 ADAS Section 305.3.

i. In the entrance and lobby, the pamphlets are out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section 308.3.1.

j. In guestroom 101, the drape wands are out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section 308.3.1.

k. In guestroom 101, the drape wands are not accessible because they require tight grasping, pinching or twisting of the wrist in violation of 1991 ADAS Section 4.27.4 and/or 2010

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 6**

ADAS Section 309.4.

l.  In guestroom 101, the ironing board and floor lamp are not accessible because there is not adequate clear floor space for an approach in violation of 1991 ADAS Section 4.2.4.1 and/or 2010 ADAS Section 305.3.

m.  In guestroom 101, the closet rod is positioned too high for either a side or front approach in violation of 2010 ADAS Section 308.2.1 and/or 308.3.1.

n.  In guestroom 101, the shelf is positioned too high for either a side or front approach in violation of 2010 ADAS Section 308.2.1 and/or 308.3.1.

o.  In guestroom 101, the door operating hardware exceeds maximum height requirements in violation of 2010 ADAS Section 404.2.7.

p.  In guestroom 101, the maneuvering clearance on the pull side of the door extends less than 18 inches beyond the latch side of the door in volition of 1991 ADAS Section 4.13.6 and/or 2010 ADAS Section 404.2.4.1.

q.  In guestroom 101, the bathroom shelf is positioned too high for either a side or front approach in volition of 2010 ADAS Section 308.2.1 and/or 308.3.1.

r.  In guestroom 101, the side bar is obstructed in volition of 2010 ADAS Section 609.3.

s.  In guestroom 101, the shower seat height is not within the allowable range in volition of 1991 ADAS Section 4.21.3 and/or 2010 ADAS Section 610.3.

t.  In guestroom 101, the threshold is not beveled correctly in violation of 2010 ADAS Section 608.7.

u.  In guestroom 101, the shower stall does not a minimum of 60 inches deep in violation of 1991 ADAS Section 4.21.2 and/or 2010 ADAS Section 608.2.2.

v.  In guestroom 101, the grab bar is located directly above the seat in violation of 2010

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 7**

ADAS Section 608.3.2.

w. In guestroom 101, the grab bar is missing opposite the seat in violation of 2010 ADAS Section 608.3.2.

x. In guestroom 101, the handheld sprayer unit is not equipped with a non-positive on/off control in violation of 2010 ADAS Section 608.6.

y. In guestroom 101, the operable parts of controls are not located on the back wall adjacent to the seat a maximum of 27 inches from the seat wall in violation of 1991 ADAS Section 4.21.5 and/or 2010 ADAS Section 608.5.2.

z. In guestroom 101, the water and drainpipes under the lavatory are not adequately insulated in violation of 1991 ADAS Section 4.19.4 and/or 2010 ADAS Section 606.5.

aa. In guestroom 101, the mirror is mounted above the allowable height above the lavatory and/or counter in violation of 1991 ADAS Section 4.19.6 and/or 2010 ADAS Section 603.3.

bb. In guestroom 101, the clear floor space required at the water closet is not provided in violation of 1991 ADAS Section 4.16.2.

cc. In guestroom 101, the toilet is not located correctly from the side wall or partition in violation of 1991 ADAS Section 4.16.2.

dd. In guestroom 101, the flush handle is located on the wrong side of the toilet in violation of 2010 ADAS Section 604.6.

ee. In guestroom 101, the rear grab bar is not a minimum 36 inches in length in violation of 1991 ADAS Section 4.16.4 and/or 2010 ADAS Section 604.5.2.

ff. In guestroom 101, the rear grab bar does not extend adequately past the toilet on the wide side in violation of 1991 ADAS Section 4.17.6 and/or 2010 ADAS Section 604.5.2.

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 8**

gg. In guestroom 101, the side grab bar is not long enough in violation of 1991 ADAS Section 4.16.4 and/or 2010 ADAS Section 604.5.1.

hh. In guestroom 101, the side grab bar is located greater than 12 inches from the rear wall in violation of 1991 ADAS Section 4.16.4 and/or 2010 ADAS Section 604.5.1.

ii. In guestroom 101, the side grab bar does not extend far enough from the rear wall in violation of 1991 ADAS Section 4.17.6 and/or 2010 ADAS Section 604.5.1.

jj. In guestroom 101, the floor drain is set too low in the floor which causes a steep slope and/or vertical changes of elevation greater than 1/4 inch in violation of 1991 ADAS Section 4.5.2 and/or 2010 ADAS Section 303.3.

kk. In guestroom 108, the threshold for the shower exceeds the maximum height requirement in violation of 2010 ADAS Section 608.7.

ll. In guestroom 108, a portable seat is not allowed in a roll-in type shower in violation of 1991 ADAS Section 4.21.3 and/or 2010 Section 610.3.

mm.      In guestroom 108, the fold down shower seat is not provided in violation of 2010 ADAS Section 610.3.

nn. In guestroom 108, the operable parts of controls are not located on the back wall adjacent to the seat a maximum of 27 inches from the seat wall in violation of 1991 ADAS Section 4.21.5 and/or 2010 ADAS Section 608.5.2.

oo. In guestroom 108, the handheld sprayer unit is mounted above the required maximum height in violation of 2010 ADAS Section 608.6.

pp. In guestroom 108, the handheld sprayer unit is not equipped with a non-positive on/off control in violation of 2010 ADAS Section 608.6.

qq. In guestroom 108, the grab bar is missing opposite the seat in violation of 2010 ADAS

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 9**

Section 608.3.2.

rr. In guestroom 108, the grab bar is located directly above the seat in violation of 2010 ADAS Section 608.3.2.

ss. In guestroom 108, the water and drainpipes under the lavatory are not adequately insulated in violation of 1991 ADAS Section 4.19.4 and/or 2010 ADAS Section 606.5.

tt. In guestroom 108, the mirror is mounted too high in violation of 2010 ADAS Section 603.3.

uu. In guestroom 108, the flush handle is located on the wrong side of the toilet in violation of 2010 ADAS Section 604.6.

vv. In guestroom 108, the rear grab bar is obstructed by the towel rack in violation of 2010 ADAS Section 609.3.

ww. In guestroom 108, the rear grab bar is not a minimum 36 inches in length in violation of 1991 ADAS Section and/or 4.16.4 and/or 2010 ADAS Section 604.5.2.

xx. In guestroom 108, the rear grab bar does not extend adequately past the toilet on the wide side in violation of 1991 ADAS Section 4.17.6 and/or 2010 ADAS Section 604.5.2.

yy. In guestroom 108, the side grab bar is located greater than 12 inches from the rear wall in violation of 1991 ADAS Section 4.16.4 and/or 2010 ADAS Section 604.5.1.

zz. In guestroom 108, the toilet is not located within the range allowed from the side wall or partition in violation of 2010 ADAS Section 604.2.

aaa. In guestroom 108, the lavatory projects into the clear floor space required for the toilet in violation of 2010 ADAS Section 604.3.2.

bbb. In guestroom 108, the trash can is not accessible because there is not adequate clear floor space for an approach in violation 1991 ADAS Section 4.2.4.1 and/or 2010

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 10**

ADAS Section 305.3.

ccc.    In guestroom 108, the tissue dispenser is not accessible because there is not adequate clear floor space for an approach in violation 1991 ADAS Section 4.2.4.1 and/or 2010 ADAS Section 305.3.

ddd.    In guestroom 108, the sign providing directional, and information is noncompliant in violation of 2010 ADAS 216.3.

eee.    In guestroom 108, the shelf or storage facility is positioned too high for either a side or front approach in violation of 2010 ADAS Section 308.2.1 and 308.3.1.

fff. In guestroom 108, the closet rod is positioned too high for either a side or front approach in violation of 308.2.1 and 308.3.1.

ggg.    In guestroom 108, the clear floor space only allows for a forward approach and the lamp switch is out of reach range in violation of 1991 ADAS Section 4.2.5 and/or 2010 ADAS Section 308.2.2.

hhh.    In guestroom 108, the required clear floor space is not wide enough to the lamp in violation of 1991 ADAS Section 4.2.4.1 and/or 2010 ADAS Section 305.3.

iii. In guestroom 108, the route of travel between the furnishings does not provide a minimum width of 36 inches in violation of 1991 ADAS Section 4.3.3 and/or 2010 ADAS Section 403.5.1.

jjj. In guestroom 108, the route of travel at the foot of the bed does not provide a minimum width of 36 inches in violation of 1991 ADAS Section 4.3.3 and/or 2010 ADAS Section 403.5.1.

kkk.    In guestroom 108, the route of travel at the foot of the 2nd bed does not provide a minimum width of 36 inches in violation of 1991 ADAS Section 4.3.3 and/or 2010

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 11**

ADAS Section 403.5.1.

lll. In guestroom 108, the route of travel to the climate controls does not provide a minimum width of 36 inches in violation of 1991 ADAS Section 4.3.3 and/or 2010 ADAS Section 403.5.1.

mmm.    In guestroom 108, the required clear floor space is not wide enough to the climate controls in violation of 1991 ADAS Section 4.2.4.1 and/or 2010 ADAS Section 305.3.

nnn.    In guestroom 108, the drape wands are out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section 308.3.1.

ooo.    In guestroom 108, the drape wands are not accessible because they require tight grasping, pinching or twisting of the wrist in violation of 1991 ADAS Section 4.27.4 and/or 2010 ADAS Section 309.4.

ppp.    In guestroom 108, the outlet is out of the minimum allowable reach range for a side approach in violation of 2010 ADAS Section 308.3.1.

qqq.    On the exterior of the building, the picnic table seating area is not on an accessible route in violation of 1991 ADAS Section 5.1 and/or 2010 ADAS Section 226.1.

rrr. On the exterior of the building, there is no accessible dining surface at the picnic table in violation of 1991 ADAS Section 5.1 and/or 2010 ADAS Section 226.1.

sss. On the exterior of the building, compliant knee and/or toe clearance is not provided at the picnic table in violation of 1991 ADAS Section 4.32.3 and/or 2010 ADAS Section 306.2.1.

ttt. On the exterior of the building, the west side entrance is not located on an accessible route in violation of 1991 ADAS Section 4.1.2(1) and/or 2010 ADAS Section 206.2.1.

uuu.    On the exterior of the building, the north / front side entrance door is not located

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 12

on an accessible route in violation of 1991 ADAS Section 4.1.2(1) and/or 2010 ADAS Section 206.2.1.

vvv.   On the exterior of the building, the walkway at the north / front side door contains abrupt vertical edges and/or variations over 1/4 inch in violation of 1991 ADAS Section 4.5.2 and/or 2010 ADAS Section 303.3 and 303.2.

www.   On the exterior of the building, the east side building entrance door is not located on an accessible route in violation of 1991 ADAS Section 4.1.2(1) and/or 2010 ADAS Section 206.2.1.

xxx.   On the exterior of the building, there is no accessible route to the back patio from the parking lot or public way in violation of 1991 ADAS Section 4.1.2(1) and/or 2010 ADAS Section 206.2.2.

yyy.   On the exterior of the building, there is no accessible dining surface at the back patio in violation of 1991 ADAS Section 5.1 and/or 2010 ADAS Section 226.1.

zzz.   On the exterior of the building, compliant knee and/or toe clearance is not provided at the back patio tables in violation of 1991 ADAS Section 4.32.3 and/or 2010 ADAS Section 306.2.1.

aaaa.   On the exterior of the building, at least 50% of all public entrances are not accessible nor on an accessible route to the public way in violation of 1991 ADAS Section 4.1.3(1).

bbbb.   In the pool area, there is no accessible dining surface in the pool area in violation of 1991 ADAS Section 5.1 and/or 2010 ADAS Section 226.1.

cccc.   In the pool area, there are no accessible tables or work surfaces in violation of 2010 ADAS Section 902.2.

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 13**

dddd.    In the pool area, the lift had no power, had a protective cover over it and could not be operated in violation of 2010 ADAS Section 242.2.

eeee.    In the pool area, the outdoor shower is noncompliant in violation of 2010 ADAS Section 608.6.

ffff.    In the public unisex restroom, the flush handle is located on the wrong side of the toilet in violation of 2010 ADAS Section 604.6.

gggg.    In the public unisex restroom, the rear grab bar is not a minimum 36 inches in length in violation of 1991 ADAS Section 4.16.4 and/or 2010 ADAS Section 604.5.2.

hhhh.    In the public unisex restroom, the rear grab bar does not extend adequately past the toilet on the wide side in violation of 1991 ADAS Section 4.17.6 and/or 2010 ADAS Section 604.5.2.

iiii. In the public unisex restroom, the lavatory projects into the clear floor space required for the toilet in violation of 2010 ADAS Section 604.3.2.

jjjj. In the public unisex restroom, the trash can is not accessible because there is not adequate clear floor space for an approach in violation of 1991 ADAS Section 4.2.4.1 and/or 2010 ADAS Section 305.3.

kkkk.    In the public unisex restroom, the toilet paper is not installed within the compliant range in violation 2010 ADAS Section 604.7.

llll. In the public unisex restroom, the side grab bar is located greater than 12 inches from the rear wall in violation of 1991 ADAS Section 4.16.4 and/or 2010 ADAS Section 604.5.1.

mmmm.    In the public unisex restroom, the side grab bar is not long enough in violation of 1991 ADAS Section 4.16.4 and/or 2010 ADAS Section 604.5.1.

nnnn.    In the public unisex restroom, the side grab bar does not extend far enough from

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 14**

the rear wall in violation of 1991 ADAS Section 4.17.6 and/or 2010 ADAS Section 604.5.1.

oooo.     In the public unisex restroom, the water and drainpipes under the lavatory are not adequately insulated in violation of 1991 ADAS Section 4.19.4 and/or 2010 ADAS Section 606.5.

pppp.     In the public unisex restroom, the mirror is mounted too high in violation of 2010 ADAS section 603.3.

qqqq.     In the public unisex restroom, the coat hook is installed greater than 48 inches above the finished floor in violation of 1991 ADAS Section 4.2.5 and/or 2010 ADAS Section 308.2.1.

rrrr.     In the public unisex restroom, the paper towel dispenser's operation mechanism is too high off the floor in violation of 2010 ADAS Section 308.2.1.

ssss.     In the public unisex restroom, the maneuvering clearance at the door is obstructed in violation of 1991 ADAS Section 4.13.6 and/or 2010 ADAS Section 404.2.4.1.

tttt. In the public unisex restroom, the door exceeds the maximum allowable opening force in violation of 1991 ADAS Section 4.13.11(2) and/or 2010 ADAS Section 404.2.9.

uuuu.     In the breakfast area, there is no accessible dining surface in the breakfast area in violation of 1991 ADAS Section 5.1 and/or 2010 ADAS Section 226.1.

vvvv.     In the breakfast area, compliant knee and/or toe clearance is not provided at the breakfast area tables in violation of 1991 ADAS Section 4.32.3 and/or 2010 ADAS Section 306.2.1.

wwww.     In the breakfast area, the toaster and breakfast items are too high and out of the maximum reach range for a side approach in violation of 1991 ADAS Section 4.2.6

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 15**

and/or 2010 ADAS Section 308.3.2.

xxxx.    In the breakfast area, the waffle batter cups and waffle iron handles are too high and out of the maximum reach range for a side approach in violation of 1991 ADAS Section 4.2.6 and/or 2010 ADAS Section 308.3.2.

yyyy.    In the breakfast area, the juice dispensers and condiments are too high and out of the maximum reach range for a side approach in violation of 1991 ADAS Section 4.2.6 and/or 2010 ADAS Section 308.3.2.

zzzz.    In the business center, compliant knee clearance is not provided at the business station in violation of 1991 ADAS Section 4.32.3 and/or 2010 ADAS Section 306.3.3.

aaaaa.    In the fitness center, the route of travel through the equipment and to the drinking fountain does not provide a minimum width of 36 inches in violation of 1991 ADAS Section 4.3.3 and/or 2010 ADAS Section 403.5.1.

bbbbb.    In the fitness center, the maneuvering clearance at the door is obstructed in violation of 1991 ADAS Section 4.13.6 and/or 2010 ADAS Section 404.2.4.1.

ccccc.    In the fitness center, the fitness equipment is not accessible because there is not adequate clear floor space for an approach in violation of 1991 ADAS Section 4.2.4.1 and/or 2010 ADAS Section 305.3.

ddddd.    In the laundry area, the route of travel through the equipment and to the laundry machine does not provide a minimum width of 36 inches in violation of 1991 ADAS Section 4.3.3 and/or 2010 ADAS Section 403.5.1.

eeeee.    In the laundry area, the laundry machine is not accessible because there is not adequate clear floor space for an approach in violation of 1991 ADAS Section 4.2.4.1 and/or 2010 ADAS Section 305.3.

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 16**

fffff.    In other guestrooms, according to information and belief, there are not enough accessible rooms designed with mobility features in violation of 2010 ADAS Section 224.2.

ggggg.    In other guestrooms, upon information and belief, accessible guest rooms are not dispersed among the various classes of sleeping accommodations in violation of 1991 ADAS Section 9.1.4(1) and/or 2010 ADAS Section 224.5.

On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

19. At all times stated herein, the existence of architectural barriers at Defendant's place of public accommodation evidenced "actual notice" of Defendant's intent not to comply with the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, either then, now or in the future.

20. As a legal result of Defendant's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered damages as alleged herein.

21. As a further legal result of the actions and failure to act of Defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, Mr. Mortland was denied his civil rights to full and equal access to public facilities. Mr. Mortland suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered from personal physical injury, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 17**

prayed hereinafter in an amount within the jurisdiction of this court.

22. Mr. Mortland suffered from personal physical injury to his shoulders, back, neck, and spine, when he was (1) forced to traverse over or around barriers to access at Defendant's property, including maneuvering on and around the couch and footstool area in his guestroom, and when he (2) attempted to and/or did use inaccessible and dangerous hotel amenities, such as the severely inaccessible roll-in shower, with the improper portable shower seat, in guestroom 108.

23. On information and belief, construction alterations carried out by Defendant has triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181, *et seq.*

24. Mr. Mortland, as described herein below, seeks injunctive relief to require the Comfort Suites hotel to be made accessible to meet the requirements of the Americans with Disabilities Act, so long as Defendant operates and/or leases the Comfort Suites hotel as a public facility.

25. On information and belief, Defendant has been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

26. Because of Defendant's violations, Mr. Mortland and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as plead herein. Plaintiff seeks an order from this court compelling Defendant to make the Comfort Suites hotel accessible to persons with disabilities.

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 18**

27. Plaintiff is informed and believes and therefore alleges that Defendant caused the subject property to be constructed, altered and/or maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said facility of the Comfort Suites hotel and were denied full and equal use of said public facility. Further, on information and belief, Defendant has continued to maintain and operate said facility in such conditions up to the present time, despite actual and constructive notice to such Defendant that the configuration of the establishment and/or its building(s) are in violation of the civil rights of persons with physical disabilities, such as plaintiff and the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181, *et seq.*

28. On personal knowledge, information and belief, the basis of Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the Comfort Suites hotel was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendant obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by the Defendant, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendant's failure, under state and federal law, to make the establishment accessible is further evidence of Defendant's conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendant are within Defendant's

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 19**

exclusive control and cannot be ascertained except through discovery.

29. Mr. Mortland will return, and has an intention to return, to the subject Comfort Suites hotel to patronize the facility, if it is made fully accessible to a disabled person in a wheelchair, and to also avail himself of the hotel's services. As the hotel is not presently accessible and dangerous for Mr. Mortland, he cannot safely return to Defendant's property.

30. Should the Comfort Suites hotel become accessible, Mr. Mortland will visit it again because: (1) he frequently travels to the Auburn and Fort Wayne, IN area for business and entertainment; (2) has friends who live in or near Fort Wayne, IN who he visits; (3) frequents Sweetwater Music, a retail store, where he has a friend who works there and who he visits; (4) will be visiting the Auburn Cord Duesenberg Automobile Museum with his wife in Summer, 2024, which is close to Defendant's property; and because (5) he found the hotel rates amenable for his budget.

31. Furthermore, Mr. Mortland intends, and will, return to the Comfort Suites hotel to ascertain whether Defendant removed the barriers to access which are the subject of this litigation.

I. **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq*.)**

32. Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 30 of this complaint.

33. Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 20**

> segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

34. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

35. As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq*.). Among the public accommodations identified for purposes of this title was:

> (7) PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
> . . .
> (A) an inn, hotel, motel, or other place of lodging ***;
>
> 42  U.S.C. §12181(7)(A).

36. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 21**

privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

37. The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

> (iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

> (iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

> (v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

38. The acts of Defendant set forth herein were a violation of plaintiff's rights under the ADA, 42. U.S.C. §§ 12181 *et seq.*

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 22**

39. The removal of the barriers complained of by plaintiff as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject Comfort Suites hotel pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, Defendant's failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii); 42 U.S.C. §12182 (b)(2)(A)(i).

40. Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the Defendant under the standards set forth under §301(9) of the Americans with Disabilities Act. Further, if it was not "readily achievable" for Defendant to remove each of such barriers, Defendant has failed to make the required services available through alternative methods which were readily achievable.

41. On information and belief, Defendant's Comfort Suites hotel was constructed prior to January 26, 1992.

42. On information and belief, other construction work on, and modifications of, the subject Comfort Suites hotel occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

43. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 23**

*seq.*, §308, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302. Plaintiff cannot return to or make use of the public facilities complained of herein so long as the premises and Defendant's policies bar full and equal use by persons with physical disabilities.

44. Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, plaintiff has not returned to Defendant's premises since on or about March 29, 2023 through March 30, 2023, but alleges that Defendant has continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

45. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

**PRAYER:**

Wherefore, Plaintiff Derek Mortland prays that this court grant relief as follows:

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 24**

**I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1.    For injunctive relief, compelling Defendant to make the Comfort Suites hotel, readily accessible to and usable by individuals with disabilities; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered;

2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3.    For such other and further relief as the court may deem proper.

Respectfully submitted,

THE MEEKER GROUP, LLC

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
2991 Millboro Rd., Ste. 101
Silver Lake, OH 44224
Telephone: (330) 603-7173
TheMeekerGroup@outlook.com

Attorney for Plaintiff Derek Mortland

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 25**