**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| DEREK MORTLAND | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:23-CV-514-GSL-SLC |
| | ) | |
| IK ONKAR HOSPITALITY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT IK ONKAR HOSPITALITY, LLC'S BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

NOW COMES the Defendant, IK Onkar Hospitality, LLC ("Defendant"), by counsel and pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectfully submits this Brief in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Injunctive Relief ("Amended Complaint"). [ECF 14].

## I.     INTRODUCTION

Plaintiff Derek Mortland ("Plaintiff") alleges discrimination by Defendant for purported "architectural barriers that are structural in nature," which allegedly denied Plaintiff – "a person with physical disabilities" – "access to" and the "full and equal enjoyment" of Defendant's hotel in Fort Wayne, Indiana (the "Hotel"). [ECF 14 at ¶¶ 1, 2]. Plaintiff contends that while a guest of the Hotel from April 19, 2021 through April 20, 2021 and from November 14, 2023 through November 15, 2023, he "personally encountered architectural barriers which denied him the full and equal access" to the Hotel in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181, *et seq.* (the "ADA"), including one hundred and nine (109) alleged barriers within multiple guest rooms and in certain of the Hotel's interior and exterior common areas. [Id., at ¶¶ 2, 17, 17(a) – (eeee)].

However, Plaintiff does not allege that he sustained a particular and concrete injury because of his alleged encounter(s) with any of the alleged barriers identified in his Amended Complaint. Rather, at best, Plaintiff claims only vague and non-particular "physical injury to his shoulders, back, neck, and spine," secondary to his alleged encounters with the purported barriers. [Id., at ¶ 21]. Therefore, Plaintiff lacks Article III standing to sue, and his Amended Complaint must be dismissed.

## II.    FACTUAL BACKGROUND

Plaintiff does not specifically allege that he is an ADA "tester."  However, he alleges that he intends to return annually to the Hotel, beginning in the spring of 2024, "to ascertain whether Defendant removed the barriers to access" that are the subject of his Amended Complaint. [ECF 14 at ¶ 31].   Moreover, it is reasonably obvious that Plaintiff is a tester considering that since 2013, Plaintiff has filed more than one hundred and twenty-six (126) lawsuits in the United States District Courts. These lawsuits include five in the Northern District of Indiana[1] and six in the Southern District of Indiana.[2]  In furtherance of these lawsuits, Plaintiff went from hotel to hotel searching for alleged violations of the ADA by the owners and/or operators of these public accommodations whom Plaintiff sued for having failed to remove alleged barriers to access.  Filing lawsuits such as the present action is Plaintiff's livelihood.

Plaintiff, as statutory background to his Amended Complaint, contends that Congress intended the ADA to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and that the specifically prohibited

---

[1] Defendant requests that the Court take judicial notice of the following cases filed by Plaintiff in the Northern District of Indiana: 1:2022-CV-00362, 1:2022-CV-00366, 3:2022-CV-00882, 1:2024-CV-00001, and 1:2023-CV-00514 (the present action).

[2] Defendant requests that the Court take judicial notice of the following cases filed by Plaintiff in the Southern District of Indiana: 1:2015-CV-00146, 1:2016-CV-01861, 1:2017-CV-00922, 1:2019-CV-02557, 1:2019-CV-04479, and 1:2021-CV-02892.

discrimination includes "(iv) a failure to remove architectural barriers … that are structural in nature, in existing facilities … where such removal is readily achievable" or "(v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable." [ECF 14 at ¶¶ 34, 37].

Plaintiff alleges that he was "an invitee and guest" at the Hotel from April 19, 2021 through April 20, 2021, and from November 14, 2023 through November 15, 2023, and that "[u]pon his arrival, during his patronizing of the public accommodation, and upon his exit of the facility, [he] personally encountered architectural barriers which denied him the full and equal access of the property." [Id., at ¶ 17].  The alleged "barriers" Plaintiff allegedly encountered at the Hotel include – but are not limited to – one-hundred and nine (109) alleged violations of the ADA that Plaintiff specifically identifies in subparagraphs (a) through (eeeee) of paragraph 18 of Plaintiff's Amended Complaint. [Id., at ¶ 18(a) – (eeeee)].[3]

In his original Complaint, Plaintiff claimed that due to encounters with one or more alleged barriers to access, he was denied his "civil rights to full and equal access to public facilities," and that he sustained "personal physical injury, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access." [ECF 1 at ¶ 18].  Defendant filed a Motion to Dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) on grounds that Plaintiff lacked Article III standing for failing to allege that he sustained a particular and concrete injury because of an alleged barrier(s) to access at the Hotel. [ECF Nos. 9, 10, generally].

---

[3] Plaintiff also contends, "upon information and belief" that the Hotel's other accessible guest rooms violate the ADA. [ECF 14, at ¶ 18(fffff) – (ggggg)].

3

In the face of Defendant's Motion to Dismiss, Plaintiff filed an Amended Complaint. [ECF 14]. Plaintiff's Amended Complaint largely plows the same factual ground as his original Complaint and asserts the same cause of action. [Compare ECF Nos. 1, 14]. However, to establish Article III standing, Plaintiff has added injuries. Plaintiff now alleges that his encounter with alleged barriers to access at the Hotel has caused him "personal physical injury to his shoulders, back, neck, and spine." [ECF 14, at ¶ 21].

### III.    STANDARD OF REVIEW

Under Rule 12(b)(1), a court should use *Twombly-Iqbal*'s "plausibility" requirement when evaluating a facial challenge to subject matter jurisdiction. This is the same standard that should be used to evaluate facial challenges to claims under Rule 12(b)(6). *Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015). "[S]tanding must be supported in the same way as any other matter on which the plaintiff bears the burden of proof[.]" *Id.*, *citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). During the pleadings stage, all allegations are accepted as true, but legal conclusions are not sufficient to survive a Rule 12(b)(6) motion. *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 885 (7th Cir. 2012). When pleading a violation of the ADA under Title III (public accommodations), a plaintiff must plead a direct connection between the alleged discrimination and the plaintiff's injury. *Access Living of Metro. Chi. v. Uber Techs., Inc.*, 958 F.3d 604, 610 (7th Cir. 2020).

## IV.    LEGAL ANALYSIS

### A.    Plaintiff lacks standing under Article III for lack of a concrete and particularized injury directly connected to the alleged discrimination.

Standing to maintain a lawsuit under Article III, § 2 of the Constitution requires a plaintiff to "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins,* 578 U.S. 330, 338 (2016) (emphasis added). For a plaintiff to have "suffered an injury in fact," s/he must show "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 339. A "particularized" injury is one that "affect[s] the plaintiff in a personal and individual way." *Id.* The injury must also be "concrete," meaning that "it must actually exist" and not be "abstract." *Id.* While there are instances where Congress can "impose a statutory prohibition or obligation on a defendant," the plaintiff still must "always have suffered 'a distinct and palpable injury to himself,' that is likely to be redressed if the requested relief is granted." *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 100 (1979). Without a "concrete" and "particularized" injury in fact, the plaintiff will not satisfy the first prong of the standing requirements, and his complaint must be dismissed. *See Spokeo*, 578 U.S. at 339.

If a plaintiff has suffered a concrete and particularized injury, that injury must also be "fairly traceable to the challenged conduct of the defendant." *Id.* at 338. In *TransUnion LLC v. Ramirez*, the United States Supreme Court distinguished between a plaintiff who sues a defendant for violating a federal regulation and a plaintiff who sues for a concrete injury sustained as the result of a defendant's violation of the regulation. *TransUnion, LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021). By distinguishing these two plaintiffs, the Court found that one hypothetical plaintiff had standing, but the other did not. Specifically, the Court held that "[a]n uninjured plaintiff who

sues in those circumstances is, by definition, not seeking to remedy any harm to [himself] but instead is merely seeking to ensure a defendant's 'compliance with regulatory law.'" *Id.* at 2206.

Here, Plaintiff's Amended Complaint – like its predecessor – fails to assert that Plaintiff suffered concrete and particularized injuries that are distinct, personal, and specifically traceable to one or more of the 109 barriers to access that Plaintiff claims he allegedly encountered during his two one-night stays at the Hotel, in April 2021 and November 2023.  Rather, Plaintiff repleads that he sustained indeterminate and nonspecific "personal physical injury, shame, humiliation, embarrassment, anger, disappointment and worry" secondary to his alleged exposure to purported ADA violations at the Hotel. [ECF 14, at ¶21].  Plaintiff categorizes his alleged damages as "expectedly and naturally ***associated with a person*** with physical disabilities being denied access" and ***not particular*** to him. [Id. (emphasis added)].  Furthermore, the Seventh Circuit has consistently held that intangible, emotional hardships such as stress, annoyance, intimidation, disgust, indignation, embarrassment, and confusion are not concrete injuries that confer Article III standing. *See e.g. Wadsworth v. Kross, Lieberman & Stone, Inc*., 12 F.4th 665, 668-669 (7th Cir. 2021), and the cases cited therein.

Additionally, Plaintiff now claims to have sustained unspecified "personal physical injury to his shoulders, back, neck, and spine" because of alleged barriers to access at the Hotel. [ECF 14, ¶ 21].  However, Plaintiff's Amended Complaint fails to provide specific or concrete details regarding the nature, extent, and/or specific cause of these injuries. Evidence of concrete and particularized injury is required to show an injury in fact, which is necessary for standing. *Spokeo, Inc.* at 338.  But Plaintiff's Amended Complaint fails to allege any nexus between his vague "shoulder, back, neck, and spine" injuries and the 109 alleged barriers listed in paragraph 18 of his Amended Complaint.  Indeed, Plaintiff's new allegations of personal injury appear to be little more

than boilerplate.  In this respect, Plaintiff recently filed in *Mortland v. Jairaj Dupont, LLC*, which is pending before this Court, an Amended Complaint in which Plaintiff claims to have sustained "personal physical injury to his shoulders, back, neck, and spine" because of his encounter with alleged barriers to access at a Hampton Inn in Fort Wayne where Plaintiff was a guest from March 29 through March 30, 2023. [*See* USDC IN/ND case no. 1:24-cv-00001-CCB-SLC, ECF 16, at ¶ 21].[4]

Plaintiff's original Complaint did not include allegations of injury to his shoulders, neck, and spine. [*See* ECF 1, Plaintiff's Complaint, generally]. It is axiomatic that Plaintiff, who filed his Amended Complaint under Rule 15(a)(1)(B), cannot manufacture physical injuries in his Amended Complaint to establish standing.  Further, any alleged injury must be "fairly traceable to the challenged conduct of [the] defendant." *Spokeo, Inc.* at 338. Plaintiff's newly pleaded and conclusory allegations of "injury" to his shoulder, back, neck, and spine, fail to fairly connect them to alleged ADA violations at the Hotel.  Indeed, Plaintiff claims to have sustained the same or similar injuries secondary to his visit to another hotel in late-March 2023.  Accordingly, Plaintiff lacks standing to assert these claims against Defendant, and his Amended Complaint must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

**B.**      **Plaintiff lacks Article III standing even if he is an ADA "tester."**

"Testers" are defined by the Supreme Court as "individuals who, without an intent to rent or purchase a home or apartment, pose as renters or purchasers for the purpose of collecting evidence of unlawful steering practices." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373 (1982). Testers often "suffer no harm other than that which they invite in order to make a case against the persons investigated." *Village of Bellwood v. Dwivedi*, 895 F.2d 1521, 1526 (7th Cir.

---

[4] Defendant requests that this Court take judicial notice of Plaintiff's Amended Complaint filed in *Mortland v. Jairaj Dupont, LLC*, USDC IN/ND case no. 1:24-cv-00001-CCB-SLC, ECF 16.

1990).  The Supreme Court has held that "testers" have standing to bring suit for alleged violations of the Fair Housing Act ("FHA"). *Havens* at 372.  In *Havens*, the Court held that FHA testers have standing because Congress intended for it "to extend to the full limits of [Article] III" and "that the courts accordingly lack the authority to create prudential barriers to standing[.]" *Id.*, at 372. The Court further held that "[s]uch concrete and demonstrable injury to the organization's activities" was sufficient injury in fact for standing purposes. *Id.*

However, even if Plaintiff alleged that he visited the Hotel as an ADA tester, he lacks standing because even testers must have suffered a concrete and particularized injury-in-fact under Article III. *Carello v. Aurora Policemen Credit Union*, 930 F.3d 830, 833 (7th Cir. 2019), *citing Havens*, 455 U.S. at 374-75.  In *Carello*, the Seventh Circuit clarified that "[a] tester must still satisfy the elements of standing, including the injury-in-fact requirement." *Id.* at 833. Significantly, the Court's 2021 ruling in *TransUnion* confirmed that a statutory cause of action alone is no longer sufficient to create Article III standing. *TransUnion*, 141 S.Ct. at 2205.  Indeed, the Court rejected the idea that "a plaintiff automatically satisfies the injury-in-fact wherever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.*, *quoting Spokeo*, 578 U.S. at 341.  Rather. "Article III standing requires a concrete injury in the context of a statutory violation." *TransUnion*, 141 S.Ct. at 2205.

> For standing purposes … an important difference exists between (1) a plaintiff's statutory cause of action to sue a defendant over a defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law.  Congress may enact legal prohibitions and obligations. And Congress may create causes of action for plaintiffs to sue defendants who violate those legal prohibitions or obligations. **But under Article III, an injury in law is not an injury in fact.  Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court.**

*Id.* (italics in original, emphasis added). Besides needing to be concrete, an injury must also be particularized, meaning "it must affect the plaintiff in a personal and individual way." *See Spokeo*, 578 U.S. at 339.

Against this backdrop, Plaintiff has failed to demonstrate that the existence of the alleged barriers to access amounts to a concrete injury that supports Article III standing. While Plaintiff alleges that he sustained "physical injury, shame, humiliation, embarrassment, anger, disappointment and worry" because of alleged ADA-violative conditions at the Hotel, such allegations of harm are absurd considering that Plaintiff's livelihood consists of suing owners and operators of public accommodations for alleged barriers to access. Based on Plaintiff's failure to allege a concrete and particularized injury that is "fairly traceable" to Defendant, he has failed to satisfy standing requirements under Article III. *See Spokeo*, 578 U.S. at 338. Accordingly, Plaintiff's claims that Defendant violated the ADA should be dismissed.

### C.     Plaintiff is not entitled to injunctive relief as there is no real and immediate threat of future injury.

For a plaintiff to seek injunctive relief, they must make a showing that they face a "real and immediate" threat of future injury. *Carello*, 930 F.3d at 833. "A past injury alone is insufficient to establish standing for purposes of prospective injunctive relief." *Id.* The injury must be concrete and particularized. *Spokeo,* 578 U.S. at 338. Furthermore, the injunctive relief requested must remedy or redress the alleged harm. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 568 (1992). Claiming relief for "every citizen's interest" which "no more directly and tangibly benefits him than it does the public at large," will not satisfy the redressability requirement. *Id* at 573-74.

Plaintiff does not allege, and there is no evidence, that he faces a "real and immediate" threat of future injury at the Hotel. [ECF 14, at ¶ 29]. Rather, Plaintiff claims that he will return to the Property *if* the alleged barriers to accessibility have been removed or annually as an ADA

9

tester. [Id. at ¶ 29]. Additionally, Plaintiff newly pleads in his Amended Complaint (unlike his original Complaint) that he will return to the Hotel (if it becomes accessible) when he travels to Fort Wayne for nonspecific "business and entertainment," when he visits unidentified friends "in or near Fort Wayne" on some unspecified date(s), when he allegedly visits Sweetwater Sound on some indefinite date, and/or when Plaintiff and his wife allegedly visit the Auburn Cord Duesenberg Museum (in Auburn, Indiana) "in Summer 2024." [Id. at ¶ 30].

These alleged future visits are not "real and immediate" threats of future injury, because Plaintiff does not plead credible and concrete grounds to visit the Hotel outside his prosecution of this case. *See Lujan*, 504 U.S. at 564 ("Such 'someday' intentions – without any description of concrete plans, or indeed even any specification of *when* the someday will be – do not support a finding of the 'actual or imminent' injury that our cases require."). In fact, Plaintiff pleads the **_exact_** same grounds to visit the hotel that is the subject of his Amended Complaint in the matter of *Mortland v. Jairaj Dupont, LLC*, which is also pending before this Court. [*See* USDC IN/ND case 1:24-cv-00001-CCB-SLC, ECF 16, at ¶ 29]. Therefore, Plaintiff has failed to meet the redressability requirement to establish standing under Article III for injunctive relief from the Defendant.

V.    CONCLUSION

WHEREFORE, for all the foregoing reasons, Defendant IK Onkar Hospitality, LLC respectfully requests that this Honorable Court grant its motion to dismiss Plaintiff's Amended Complaint for Injunctive Relief and Damages, with prejudice.

Respectfully submitted,

/s/ Rafael P. McLaughlin
Rafael P. McLaughlin (32466-02)
REMINGER CO., L.P.A.
1690 Broadway, Building 19, Suite 10
Fort Wayne, IN 46802
T: 260-755-6210/F: 260-755-2346
rmclaughlin@reminger.com
***Counsel for Defendant***

CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2024, I filed a copy of the foregoing *Brief in Support of Motion to Dismiss Plaintiff's Amended Complaint* electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's ECF system.

Colin G. Meeker
The Meeker Group
TheMeekerGroup@outlook.com

/s/ Rafael P. McLaughlin
Rafael P. McLaughlin (32466-02)
REMINGER CO., L.P.A.

11