UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DEREK MORTLAND,<br><br>      Plaintiff,<br><br>  v.<br><br>IK ONKAR HOSPITALITY LLC,<br><br>      Defendant. | Case No. 1:23-CV-00514-GSL-SLC |

**OPINION AND ORDER**

Derek Mortland ("Plaintiff") alleges that the Comfort Suites in Auburn, Indiana, owned and operated by IK Onkar Hospitality, LLC ("Defendant"), violates the Americans with Disabilities Act ("ADA") because there are architectural barriers throughout the property rendering it inaccessible to himself and others. Defendant has moved to dismiss for lack of standing and failure to state a claim. For the reasons below, that motion is granted.

**I.  Background**

Plaintiff is paralyzed and requires a wheelchair to travel about in public. [DE 14, ¶ 5] (Am. Compl.). In 2021, he twice stayed at Defendant's hotel: once in April and once in November. [*Id.* ¶ 2]. Each time, he stayed for only one night. [*Id.*]. He chose the hotel because of its location and advertised accessibility. [*Id.* ¶¶ 12, 14–16]. While at the hotel, Plaintiff encountered ADA violations that allegedly denied him full and equal access to the property. [*Id.* ¶ 17]. In navigating these architectural barriers, he allegedly injured his shoulders, back, neck, and spine. [*Id.* ¶ 22]. But for these violations, Plaintiff claims he would return to the hotel because of his travel to the Auburn-Fort Wayne area for business and leisure. [*Id.* ¶ 30].

In December 2023, Plaintiff filed this action alleging that the barriers at Defendant's hotel violate the ADA. [DE 1] (Compl.). In that pleading, Plaintiff complains only of the November 2021 stay. [*Id.* ¶ 13]. He contends that he personally encountered barriers to access in the hotel's parking lot, entrance, lobby, room 108, room 101, exterior, pool area, public unisex restroom, breakfast area, business area, fitness area, laundry room, and "upon information and belief, the other accessible guest rooms." [*Id.* ¶ 15] (citing these as "example[s] and not as an exhaustive inventory of Defendant's violations[.]"). Plaintiff sought damages for the denial of his civil rights to "full and equal access" to the hotel and for the "personal physical injury, shame, humiliation, embarrassment, anger, disappointment and worry" he suffered. [*Id.* ¶ 18]. Additionally, he requested injunctive relief requiring the hotel to become compliant with the ADA. [*Id.* ¶ 20]. He further alleged that if the hotel were to become accessible, he would visit it again when traveling through the area in spring and summer 2024. [*Id.* ¶ 26].

Defendant moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. [DE 9]. Plaintiff subsequently amended his complaint to include: the April stay at the hotel; the purpose for each stay; 111 ADA violations that he personally encountered; and that he injured his shoulders, back, neck, and spine.[1] [DE 14, ¶¶ 2, 13–15, 18, 22]. He further added that he often travels to the Auburn-Fort Wayne area for business, shopping, visiting friends, and entertainment. [*Id.* ¶ 30]. He also shared his plan to visit the Auburn Cord Duesenberg Automobile Museum in the summer 2024. [*Id.*]. Defendant refiled its motion to dismiss. [DE 18] (Def.'s MTD); [DE 19] (Def.'s MTD Brief). Once fully briefed, the Court heard arguments on it.

---

[1] Between the filing of Defendant's Motion and Plaintiff's Amended Complaint, the matter was transferred to this Court from Chief Judge Holly Brady. [DE 13] (Mar. 25, 2024).

Primarily, Defendant argues that Plaintiff failed to sufficiently allege a concrete and particularized injury, a necessary element of standing, and that Plaintiff is an ADA tester.[2] [DE 19, Page 2]. Therefore, the Amended Complaint fails to state a claim for which relief can be granted.[3] [DE 18, Page 1]. In response, Plaintiff asserts that he is not alleging or claiming to be a tester. [DE 23, Page 15]. He visited the hotel twice, and he has legitimate specific plans to visit the area again. [*Id.* at Pages 1, 13]. The physical injuries he sustained because of the barriers on Defendant's property meet the constitutional requirements of standing. [*Id.* at Pages 3, 7].

## II.   Discussion

### A.   Tester Status

Defendant presents its standing challenge as a motion to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *see National Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994) ("Standing represents a jurisdictional requirement which remains open to review at all stages of the litigation."). Motions brought under Rule 12(b)(1) are "meant to test the sufficiency of the complaint, not to decide the merits of the case[.]" *Center for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). In reviewing such a motion, the Court "accept[s] as true the well pleaded factual allegations, drawing all reasonable inferences in favor of the plaintiff[.]" *Id.* Further, "[w]hen subject-matter jurisdiction—which is to say, the power to hear and decide the case at all—is at stake, a district judge may resolve factual disputes and make any findings necessary to determine the court's adjudicatory

---

[2] A tester engages with public accommodations for the sole purpose of testing compliance with federal statutes, such as the ADA, and sues when potential violations are uncovered. *See Carello v. Aurora Policemen Credit Union*, 930 F.3d 830, 832 (2019).

[3] At the hearing, Defendant also raised a statute of limitations argument. Since the argument was not developed and legal support was not provided, the Court does not consider it.

competence." *Craftwood II, Inc. v. Generac Power Sys., Inc.*, 920 F.3d 479, 481 (7th Cir. 2019). Such a factual dispute exists here: whether Plaintiff is an ADA tester.

Plaintiff's plans to return to the hotel include "ascertain[ing] whether Defendant removed the barriers to access[.]" [DE 14, ¶ 31]. Defendant argues that Plaintiff only used the hotel in April and November 2021 because he is a tester and that his alleged physical injury and return plans were included to survive dismissal. In support, Defendant requests that the Court judicially notice that Plaintiff has filed five similar cases in the Northern District of Indiana and six similar cases in the Southern District of Indiana. [DE 19, Page 2, nn. 1, 2] (listing cases). Defendant also requests judicial notice of the amended complaint in one of those matters, which is currently before Judge Brisco. [*Id.* at Page 7, n.4] (referring to *Mortland v. Jairaj Dupont, LLC*, Case No. 1:24-cv-00001-CCB-SLC, ECF No. 16 (Am. Compl.) (Mar. 18, 2024)). Defendant contends that the similarity of that pleading to this Amended Complaint further demonstrates that Plaintiff is a tester. *E.g.*, *compare IK Onkar*, at [DE 14, ¶ 22] *with Jairaj Dupont*, ECF No. 16, ¶ 21. At the hearing, Plaintiff's counsel, appearing alone, reiterated that Plaintiff is not alleging or claiming that he is a tester. As in his brief, he argued that the Court's review should be limited to the four corners of *this* Amended Complaint and nothing more. [*Id.* at Page 14]. Defendant responded by requesting that the Court judicially notice a paragraph from yet another of the actions Plaintiff filed in this District, wherein Plaintiff states that he is a tester. *Mortland v. Americo Hosp., LLC*, Case No. 2:24-cv-00131-GSL-APR, ECF No. 1, ¶ 12 (Compl.) (N.D. Ind. Apr. 15, 2024).

The Court can consider such facts under its authority to review its subject matter jurisdiction and under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(d) (stating that for a 12(b)(6) or 12(c) motion only, if a court considers matters outside the pleadings, then it must convert the motion into one for summary judgment). A court may "judicially notice a fact

4

that is not subject to reasonable dispute because it is generally known within the trial court's territorial jurisdiction; or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Since a party requested judicial notice, the Court must take it if it is supplied with the necessary information. Fed. R. Evid. 201(c)(2).

It is clear from the entries on the Court's docket, which the Court does not believe can be reasonably disputed, and the case numbers supplied by Defendant, that Plaintiff has filed 11 other cases against hotels in federal court in Indiana.[4] The Court takes judicial notice of that fact. The Court also judicially notices the amended complaint filed in *Jairaj Dupont*. Finally, the Court judicially notices the portion of the Complaint filed in *Americo Hospitality*, pending before this Judge, where Plaintiff represents that he is a tester:

> Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, **Plaintiff also acts as a "tester"** for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a **routine practice**. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the

---

[4] Northern District of Indiana cases: *Mortland v. Jaikar LLC*, Case No. 1:22-cv-00362-HAB-SLC (filed Oct. 13, 2022); *Mortland v. Radhe Hosp., LLC*, Case No. 1:22-cv-00366-HAB-SLC (filed Oct. 17, 2022); *Mortland v. South Bend Hosp., LLC*, Case No. 3:22-cv-00882-DRL-MGG (filed Oct. 19, 2022); *Mortland v. IK Onkar Hosp., LLC*, Case No. 1:23-cv-00514-GSL-SLC (filed Dec. 12, 2023); and *Mortland v. Jairaj Dupont, LLC*, Case No. 1:24-cv-00001-CCB-SLC (filed Jan. 1, 2024). Per Federal Rule of Evidence 201, the Court may take judicial notice sua sponte. The Court will thus judicially notice that *Mortland v. Americo Hosp. LLC*, Case No. 2:24-cv-00131-GSL-APR, was also filed by Plaintiff before the undersigned on April 15, 2024. That brings the number of cases filed, including this one, to 12.

Southern District of Indiana cases: *Mortland v. B & O LLC., et al.*, Case No: 1:15-cv-00146-WTL-TAB (filed Feb. 3, 2025); *Mortland v. New Indianapolis Downtown Hotel Ltd. P'ship*, Case No. 1:16-cv-01861-SEB-MJD (filed July 11, 2016); *Mortland v. Claypool Court, LLC*, Case No. 1:17-cv-00922-LSA-MPB (filed Mar. 24, 2017); *Mortland v. Lights Out Developments, LLC*, Case No. 1:19-cv-02557-JMS-DLP (filed June 24, 2019); *Mortland v. Carmel Hotel LLC*, 1:19-cv-04479-JPH-MPB (filed Nov. 7, 2019); and *Mortland v. MKS Lodgings LLC*, Case No. 1:21-cv-02892-MKK-JPH (filed Nov. 22, 2021).

> premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, **suffered legal harm and legal injury**, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

ECF No. 1, ¶ 12 (Compl.), Case No. 2:24-cv-00131-GSL-APR (N.D. Ind. Apr. 15, 2024) (emphasis added). Such a contrast between two matters before the same Judge places this litigant's credibility in question.[5] As discussed below, this affects the Court's standing inquiry, as it casts doubt on the concreteness of the alleged injuries.

### B. Standing

Though Plaintiff is likely a tester, that alone does not foreclose him from recovery. In fact, the precedent is clear: "tester status does not deprive a plaintiff of standing." *Carello*, 930 F.3d at 833 (citing *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373–74 (1982); *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 954 (7th Cir. 2006)). Though "tester status does not defeat standing, it does not automatically confer it either[.]" *See id.* (citing *Havens Realty*, 455 U.S. at 374–75). A tester alleging an entity's noncompliance with a federal statute must still satisfy the constitutional elements of standing. *Id.* "'Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) (quoting *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 332 (7th Cir. 2019)).

To establish the "irreducible constitutional minimum" of standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the

---

[5] The Court considered that the complaint in *Americo Hospitality*, where Plaintiff asserts to the undersigned that he is a tester, was filed in 2024—after the Amended Complaint here. It is possible he was not a tester at the time he stayed at the Auburn, Indiana, Comfort Suites or filed this action. That said, it looked at the prior actions filed in Indiana federal court, and it here takes judicial notice, sua sponte, of paragraph 10 the *Carmel Hotel* action, filed in 2019, which also asserts that he is a tester. Fed. R. Evid. 201; *see Carmel Hotel*, [DE 1, ¶ 10].

defendant, [i.e., causation] and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *Friends of the Earth, Inc. v. Laidlaw Env't Services (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)). In other words, if a plaintiff "does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." *Casillas*, 926 F.3d at 333.

A standing analysis begins by assessing, "[f]irst and foremost[,]" the injury-in-fact requirement. *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103 (1998). To satisfy this element, a plaintiff's injury must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal citations omitted). In arguing that the alleged violations caused him concrete and actual injuries, Plaintiff points to *Scherr v. Marriot Int'l Inc.*, 703 F.3d 1069 (7th Cir. 2013).

The plaintiff in *Scherr*, a 76-year-old Illinois resident, was staying at a hotel in Kansas visiting family. 703 F.3d at 1072. One night, as she was exiting the bathroom in her suite, the door closed on her, knocking her from her walker to the ground. *Id.* She "broke her wrist and injured her hip," which led to surgery and further complications. *Id.* She sued that hotel, and dozens of its other locations, to enjoin their use of the bathroom door hinge that caused her injury. *Id.* This Circuit held that she had standing under the ADA to sue the hotel where she was injured, but none of the others. *Id.* at 1074. It reasoned that her plans to return to the area for a cousin's wedding were "much more specific than the vague invocations that troubled the Supreme Court in *Lujan*" given that 29 members of her family lived there, and she visited often for that reason. *Id.* She had no such plans at any of the hotel's other locations. *Id.*

7

Plaintiff alleges that his physical injuries were caused by violations that forced him to (1) maneuver over and around barriers on the property and (2) use dangerous and inaccessible amenities, providing an example for each. [DE 14, ¶¶ 18kk–mm, 18ggg–iii, 22]. He does not connect the other alleged violations to his injuries. *See* [*Id.* ¶¶ 18a–jj, 18nn–fff, 18lll–ggggg]. The Amended Complaint merely states that his encounters with the some of the violations injured his shoulders, back, neck, and spine. [DE 14, ¶ 22]. *Scherr* is distinguishable as it states a concrete injury, caused by a specific violation, that could be redressed by the Court. The same is true of harms resulting from Plaintiff's frustrated plans to return. In *Scherr*, the plaintiff had actual expectations of returning for specific reasons. Plaintiff's listed expectations to return for business, shopping, seeing friends, and visiting museums do not rise to the same level. "Plaintiff . . . [also] suffered . . . shame, humiliation, embarrassment, anger, disappointment, and worry, expectedly and naturally associated with a person with physical disabilities being denied access[.]" [DE 14, ¶ 21]. These harms, presented as those being felt by others, are too remote and impersonal to be particular to this Plaintiff. For that reason, the Court finds that as alleged, these injuries also lack the concreteness and particularity necessary to establish an injury-in-fact.

For the foregoing reasons, the Court grants Defendant's motion to dismiss under Rule 12(b)(1) on the grounds that Plaintiff lacks standing.

### C. 12(b)(6)

Though the matter is dismissed for want of jurisdiction, the result would be the same if evaluated on Defendant's alternative grounds for dismissal—that Plaintiff failed to state a claim.

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's duty to accept the allegations as true does not apply to threadbare recitals supported only by conclusory statements. *Id.* at 663 (citing *Twombly*, 550 U.S. at 555.) "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id.* at 664. "[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 663–64.

In his response brief and at the hearing, Plaintiff implored the Court to limit its assessment to the four corners of the Amended Complaint. Yet, on January 31, 2025, Plaintiff asked this Court to take judicial notice of something outside the pleadings: the opinion denying the motion to dismiss in *Jairaj Dupont* [DE 32]. He argues that because Defendant referred to the pleading in that matter, the opinion is of significant importance here. Therefore, this Court should judicially notice the *Jairaj Dupont* opinion and deny the motion to dismiss. As discussed above, the Court considered the pleading in *Jairaj Dupont* over Plaintiff's objection to resolve a factual dispute about the justiciability of the matter. But here, in the 12(b)(6) context, the Court will not consider that document as it is outside the pleadings. Fed. R. Civ. P. 12(d). The Court's assessment of whether Plaintiff would survive the 12(b)(6) motion will be limited to this Amended Complaint.

Focusing on the sufficiency of Plaintiff's claims, none of the allegations in the Amended Complaint articulate that the ADA violations caused him harm. Plaintiff alleges no physical injuries resulting from the parking lot (¶¶ 18a–e), the entrance and lobby (¶¶ 18f–i), the building's exterior (¶¶ 18qqq–aaaa), the pool area (¶¶ 18bbbb–eeee), the public unisex restroom (¶¶ 18ffff–tttt), the breakfast area (¶¶ 18uuuu–yyyy), the business center (¶ 18zzzz), the fitness

9

center (¶¶ 18aaaaa–ccccc), the laundry area (¶¶ 18ddddd–eeeee), or other guestrooms (¶¶ 18fffff–ggggg). [DE 14]. The same is true of the alleged violations in room 101 (¶¶ 18j–jj) and some in room 108 (¶¶ 18nn–hhh, 18lll–ppp). [DE 14].

This leaves the allegations concerning the navigable space and roll-in shower in room 108. [*Id.* ¶¶ 18kk–mm, 18iii–kkk]. These are referenced as examples of how alleged violations caused Plaintiff injury. [*Id.* ¶ 22]. Yet without more, the allegations do not state a claim upon which relief can be granted. At the hearing, Plaintiff had the opportunity to elaborate on the nature and extent of his injuries. Plaintiff reiterated his response brief argument that repeated movements required to navigate the violations caused muscle strain. When pressed, Plaintiff offered nothing more, which is consistent with the unsupported conclusions in the Amended Complaint. Such allegations are not specific enough to support a claim that Defendant's ADA violations caused the alleged injuries. Therefore, his claims also fail to survive the 12(b)(6) motion.

### III.  Conclusion

Accordingly, Defendant's Motion to Dismiss [DE 18] is **GRANTED**; this matter is **DISMISSED**. The Court **DIRECTS** the Clerk to close the case and issue judgment accordingly.

SO ORDERED.

ENTERED: March 27, 2025

/s/ GRETCHEN S. LUND  
Judge  
United States District Court
